"Defendants Briefs"
Ineffective Assistance of Counsel"

A convicted defendant in proving ineffective assistance of trial counsel must identify the acts or omissions of counsel that are alledge not to have been the results of resonable professional judgment.

To demonstrate ineffective assistance of counsel, the defendant must establish "(1) that 'counsel's representation fell below an objective standard of resonableness,' and (2) 'a reasonable probability that,but for counsel's unprofessional errors,the results of the proceedings would have been different.

Under the performance prong of this test, counsel's representation is ineffective if objectively unreasonable in light of "prevailing professional norms."
Under the prejudice prong, "a reasonable probability is a probability sufficient to undermine confidence in the outcome."

Addittionally, there is a "strong presumption that... the challenged action might be considered sound trial strategy."

In the present matter, the record reveals that defence counsel's failure to cross - examine Bionchi on her prior confessions and sworn statement was unreasonable. this unreasonable conduct caused serious prejudice to the defendant sufficient to warrant setting aside his conviction.

The performance by attorney Mann as well as the record demonstrates that defence counsel made an unreasonable choice not to cross-examine Bionchi, but, instead, to rely solely on the defendant's witnesses who were in the vihicle, Caraballo and Guitard, to provide evidence regarding Bionchi's possession of the gun that the police framed the defendant of possesing,even though the government's cross-examination of these witnesses left little doubt about thier credibility. clearly on the eve of trial, defence counsel had been expecting Bionchi to testify to the truth of her confessions, and sworn statement which is why he supoenead her as a defence witness. however,she foiled that expectation a year later at the eleventh hour.

These changed circumstances forced defence counsel to exercise his unprofessional judgment in deciding whether he should cross-examine her as I demanded about her prior confessions and inconsistant statement in revealing the truth because he feared becoming a witness hinself even though counsel was told the truth by her.

Attorney Mann, however, failed to pursue the only logical means of diminishin Bionchi's perjured damaging false testimony at trial: cross-examining her on her prior confessions and prior inconsistant stateemnt in order to reveal the truth and damage her perjured damaging credibility. No sound defence strategy would include a terrible decision not to cross-examine any defence or government witness about many confession;s and prior inconsistant statement revealing the truth and exculpating a innocent defendant!

The fear of defence counsel becoming a witness himself, and his law firm distorted his judgment.

Defence counsel failed to realize that when he chose not to cross-examine Bionchi about her prior confession's and prior statement that neither he nor anyone associated with him need face the concerns he articulated moments before she falsely testified. her False direct examination under oath set the scope for a truth-seeking cross-examination, which counsel could have accomplished without making himself a witness!
Indeed, sentencing counsel William Dimitri observed in reference to Bionchi's many confession's and inconsistant statement, "it certanly left a Large area for cross-examination." Certainly, defence counsel could have confronted Bionchi before the jury with her confession's and statement she made to the"state court,"investigators,"and other attorney's"other than himself!.
Attorney Mann's self decision not to cross-examine Bionchi on her many confession's and prior inconsistant statement was outside the boundaries of prevailing professional standards.
"Therefore, counsel's performance fell below the objective standard of reasonableness.

Trial counsel's failor to effectively cross-examine Bionchi in search of the truth to her admission resulted in serious prejudice, and terminated the fact that the results of the proceedings would have been diferent. defence counsel's failor to cross-examine Bionchi in any way that would damage her credibility, in light of the facts know to many others including himself raises serious doubts about the trials outcome. to the extent that Bionchi's testimony, without cross-examination, refuted that of Guitard's testimony about who possessed and then placed the gun in the backyard,

the jury could more readily dismiss Guitard's testimony. Guitard's veracity had already been questioned when it was determined that she had told the officers that she was not in the car and that she had never seen the gun. Caraballo's veracity was also tested when she admitted that she, too, had lied to the police, raising doubt about her testimony that Bionchi had went off in a direction seperate from the other passengers.

without significant cross-examination of Bionchi, the jury were never made aware of the circumstances under which she was forced to falsely testify, never made aware of the truth in knowing that Bionchi had a criminal record, a outstanding warrant for her arrest, and, more importantly and significantly, never made aware of the fact's that Bionchi had confessed to many people including members of the Superior Court and judge and made a prior inconsistant statement!

An effective and honest cross-examination would have revealed that Bionchi lied under oath and whose testimony should have been weihed as such.

Despite her demonstrable lack of truthfulness, she was the only witness throughout the entire trial whose credibility was not tested truthfully before the jury.

As a result of defence counsel's conduct, all that the jury learned about Bionchi was that she was seven and a half months pregnant.

If by this sole question defence counsel intended to suggest a reason for her to fabricate a story to protect herself, this effort was surely lost on the jury because they had been given no reason to believe that she needed to fabricate a story in the first place.

As far as the jury knew, she had made no confessions or no other statement other than the one she falsely testified to on direct examination, which was a lie and wholly damaging to the defendant.

In fact, no strategic advantage can be discerned from defence counsel's failure to honestly cross-examine Bionchi on her prior confession's and prior inconsistant statement to members of the justice system at the state levil and federal as well. On the contrary, the defendant lost a strategic oppertunity to advance an alternative to the government's presentation of the events.

given the stark state of the record with regard to the defendant's possession of the gun, there is more than a reasonable probability that had defence counsel confronted Bionchi about her confession's and prior inconsistant statement, the jury, at the very least, would have discredited her false testimony.

"[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."

Consequently, the jury would have given Bionchi's testimony less weight had she been cross-examined in truth-seeking effectively, because they would have viewed it as directly contradictory to Caraballo's and, even more so, Guitard's, which was the truth and entirely exculpatory to the defendant! moreover, considering the jury's request for the testimony of petrocchi, who provided inconsistant false testimony of possession, albeit attenuated, it becomes more clear that even a cursory cross-examination about Bionchi's prior confession's and statement would have changed the outcome of the trial.

Evaluating the totality of the evidence, the failor of trial counsel Robert Mann to cross-examine Bionchi in seeking the truth as justice requires before the jury constitutes "Ineffective Assistance of Counsel."

This deficient and dishonest representation cast doubt on the validity of the jury;s Verdict!

Accordingly, the judgment on the wrongful indictment should be Reversed and the Verdict Set Aside!