"Defendants Brief"
"The Officers False Testimony"

On or about the 27th day of September 2004 in the United States District Court for the District of Rhode Island in the County of Providence, Officer Scott T. Petrocchi did then and there commit perjury by falsely, knowingly, maliciously, willfully and corruptly testifying in reply to the question posed by the U.S. Assistant Attorney Richard W. Rose,as follows: (Volume-1, page 18)

(Q) 6. What happend Next?
(A) 7. As I began to chase him into the rear yards I noticed that he had a firearm in his hand.
(Q) 9. What did you say you Absrved?
(A) 10. I Observed him to be carrying a firearm, a black firearm in his right hand.

That being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath, in violation of Sec. 11-33-1 of the general Laws of Rhode Island,1956, as amended.

On or about the 27th day of September 2004 in the United States District Court for the District of Rhode Island in the Couty of Providence,Officer Scott T. Petrocchi did then and there commit Perjury by falsely, knowingly, maliciously, willfully and corruptly testifying in reply to the question posed by the U.S. Assistant Attorney Richard W. Rose, as follows: (Volume-1, page 20)

(Q) 5. What happened Next?
(A) 6. After he droped the firearm, I chased him into 139 Glenbridge Avenue, where I ordered him to the ground at gunpoint.
(Q) 9. DiD he comply immediately?
(A) 10. No.
(Q) 11. What happened?
(A) 12. I told him to get on the ground. He refused. I ordered him Again to get on the ground at gunpoint. he still refused just putting his hands up in the air. I approached him, grabbed his arm, attempted to handcuff him at which time he began to struggle.

That and all the obove being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath,in Violation of Sec. 11-33-1 of the general Laws of Rhode Island,1956, as amended.

On or about the 27th day of September 2004 in the United States District Court for the District of Rhode Island in the County of Providence,Officer Scott T. Petrocchi did then and there commit perjury by falsely, knowingly, maliciously, willfully and corruptly testifying in reply to the question posed by the U.S. Assistant Attorney Richard W. Rose, as follows:(Volume-1, page 2

(Q) 14. Showing you whats been marked as Governments Exhibit 1 and ask if you can identify it.
(A) 16. Yes, I can.
(Q) 17. What is it?
(A) 18. This is the firearm that the defendant droped while I was chasing him.

That being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath,in violation of Sec. 11-33-1 of the general Laws of Rhode Island, 1956, as amended.

On or about the 27th day of September 2004 in the United States District Court for the District of Rhode Island in the County of Providence, Officer Scott T. Petrocchi did then and there commit perjury by falsely,knowingly,maliciously,willfully and corruptly testifying in reply to the question posed by the U.S. Assistant Attorney Richard W.Rose, as follows: (Volume-1, pages 24,25)

(Q) 21. Sir,did you attend to the vehicle at all,the one that you stoped after arresting the defendant?
(A) 23. No, I did not.
(Q) 8. Sir, when you first observed the defendant getting out of the car before it came to a stop, how far away from him were you?
(A) 11. About ten feet.
(Q) 12. And how much time elapsed in time from when the time you first saw the defendant get out of the car untill you arrested him?
(A) 15. About 20, 30 seconds tops.
(Q) 16. During the time of this chase, what was the -- did you ever lose sight of the defendant?
(A) 18. No.
(Q) 19. What was the maximum distance beetween the two of you?
(A) 21. The most distance between us was when he first got out of the car, ten feet.
(Q) 23. And when during this chase was the fidst time that you saw the weapon in his hand?
(A) 25. As we entered the rear yards, 137 Glenbridge.

That being and all the obove a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath,in violation of Sec.11-33-1 of the general Laws of Rhode Island,1956, as amended.

On or about the 27th day of September 2004 in the United States District Court for the District of Rhode Island in the County of Providence, Cfficer Scott T.Petrocchi did then and there commit perjury by falsely,knowingly,maliciously,willfully and corruptly testisying in reply to the question posed by Attorney Robert Mann as follows: (Volume-1, page 28)

(Q) 7. And what you knew about the vehicle was something to the affect of the fact that the vehicle or thr owner of the vehicle had been involved in an incident a few weeks earlier, right?
(A) 11. No.

That being a false declaration of material fact made while under oath or affiemation administered by a person duly authorized to administer oaths in this state and in a court with competemt authority to administer the oath, in Violation of Sec. 11-33-1 of the General Laws of Rhode Island, 1956, as amended.

On or about the 27th day of September 2004 in the United States District Court fo the District of Rhode Island in the County of Providence, Officer Scott T.Petrocchi did then and there commit perjury by falsely,knowingly,maliciously,willfully and corruptly testifying in reply to the question posed by Attorney Robert Mann, and the U.S. Assistant Attorney Richard W.Rose, as follows: (Volume-1,pages 45,57)

(Q) 7. Where was the gun dropped?
(A) 8. In the rear of 137.
(Q) 9. In the rear of 137?
(A) 10. Yes.

(Q) 2. Sir, do you remember what address you wrote in your police report as to the address behind which house you found the gun?
(A) 5. Yes, I do.
(Q) 6. What was the address?
(A) 7. 137 Glenbridge Avenue.
(Q) 19. What was the address?
(A) 20. 139 Glenbridge Avenue.
(Q) 21. You just testified 137. Were you confused?
(A) 22. Yes, sir.

That being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath, in Violation of Sec. 11-33-1 of the General Laws of Rhode Island, 1956, as amended.

On or about the 27th day of September 2004 in the United States District Court for the District of Rhode Island in the County of Providence, Officer Martin Hames did then and there commit perjury by falsely, knowingly, maliciously, willfully and corruptly testifying in reply to the question posed by the U.S. Assistant Attorney Richard W.Rose, as follows: (Volume-1, pages 76,77,79,80)

(Q) 25. After you boxed the vehicle off. what happened next, officer Hames?
(A) 2. At that time, I exited the passengers side of the police cruiser and faced towards the red vehicle, and I observed a hispanic male exit the vehivle. and he had like, looked like yellow sunglasses on his forehead,

(Q) 1. After the apprehention. what did you do next?
)A) 2. In responce to the radio broadcast and my conversation with officer petrocchi, walked through the backyard which is the direction that the suspect ran. And thats when I observed a black, small semi-automatic handgun laying in the grass next to a pair of what looked like yellow sunglasses in the grass behind 139 Glenbridge Avenue.
(Q) 14. Showing you whats been marked as governments exhibit 4. I'd ask if you can identify it.
(A) 16. Those are the glasses that were laying next the gun.

That and all the obove being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer oaths, in violation of Sec. 11-33-1 of the general Laws of Rhode Island, 1956, as amended.

On or about the 27th day of September 2004 in the United States District Court for the District if Rhode Island in the County of Providence,Detective Paul Renzi did then and there commit perjury by falsely,knowingly,maliciously,willfully and corruptly testifying in reply to the questions posed by Attorney Robert Mann and U.S. Assistant Attorney Richard W.Rose,as follows:(Volume-1,pages 108, 124, 125)

(Q) 17. And did you fingerprint the Governments Exhibit 1?
(A) 19. No, I did not.

(Q) 20. Okay. Now, you knew -- let me ask you this, you were directed to the sunglasses, too, right?
(A) 22. Yes.
(Q) 23. And glasses are a good surface for getting fingerprints off?
(A) 25. Yes.
(Q) 1. Did you test the glasses for fingerprints?
(A) 2. I visually observed the glasses. glasses are a type of surface if there is a latent print on a pair of sunglasses or any type of glass, you could usually see it without any further testing. And I did not see any prints.
(Q) 7. Did you do that when you were at the scene or at the station?
(A) 9. At the station.
(Q) 10. Now, so the end result is that you didn't dust the gun, the magazine or any of the bullets for prints, right?
(A) 13. Thats correct.
(Q) 14. And you did an eyeball inspection without any microscope or anything with the glasses and didn't see any prints on it?
(A) 17. Correct.

That and all the above being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath. in violation of Sec. 11-33-1 of the general Laws of Rhode Island, 1956,as amended.

On or about the 28th day of September 2004 in the United States District Court for the District of Rhode Island in the County of providence,Officer David Moscarelli did then and there commit perjury by falsely,knowingly,maliciously,willfully and corruptly testifying in reply to the question posed by Attorney Robert Mann, as follows:(Volume-2,pages 5,6)

(Q) 8. And how long did it take you to get from where you started to the intersection of Glenbridge?
(A) 11. About 30 seconds, 30 to 45 seconds.
(Q) 1 . So this would have been within a minute or two of when you received that broadcast at 12:40?
(A) 3. Within a minute.

That being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath, in Violation of Sec. 11-33-1 of the general Laws of Rhode Island,1956,as amended.

On or about the 28th day of September 2004 in the United States District Court for the District of Rhode Island in the County of Providence, Officers Shawn Kennedy and Scott T.Petrocchi did then and there commit perjury by falsely,knowingly,maliciously, willfully and corruptly testifying in reply to the questions posed by Attorney Robert Mann,as follows:(Volume-2,pages 25,26,70,71)

(Q) 14. Now, at some point after you saw patrolman petrocchi and patrolman Moscarelli with Mr.Rodriguez,you found a weapon,didn't you?
(A) 17. No,I did not.
(Q) 18. At some point,did you have a radio transmission or some sort of radio call with patrolman petrocchi where you said to him -- is his first name Scott?
(A) 22. Yes.
(Q) 23. Where you said to him, "Scott, we got a Glock"?
(A) 24. Yes, I did.
(Q) 25. Where were you when you had that conversation?
(A) 1 . After the subject had been apprehended, I went back to the area where we first started the pursuit along with patrolman Hames. And thats when I observed the firearm on the ground.
(Q) 5. Now, at that point,patrolman petrocchi wasn't with you,was he?
(A) 7. No.
(Q) 8. He was at a different location?
(A) 9. That's correct.

(Q) 12. Sir, you received this transmission from officer Kennedy, "Scott, we got a Glock," right?
(A) 14. Yes.
(Q) 15. And that means that up to that point you hadn't recovered the Glock, right?
(A) 17. I knew it was there,yes.
(Q) 18. Pardon?
(A) 19. I knew it was there, yes. I had already found it.
(Q) 20. You had already found it?
(A) 21. Yes.
(Q) 22. So it's your testimony that you had already found the Glock. And who were you with when you found it?

(A) 25. Patrolman Hames.

(Q) 1 . And so -- and then officer Kennedy is transmitting to you "We got a Glock," right?

(A) 3 . Yes.

(Q) 4 . And you say back to him not "I found it" or"Hames already has IT," but "I saw it in his hand when I came around the corner;" is that correct?

(A) 7 . Correct.

(Q) 8 . So when --now, did you leave officer Hames with the Glock?

(A) 10. Yes, I did.

(Q) 11. And then patrol officer Kennedy came up? You don't know what officer Kennedy did?

(A) 13. Patrolman Kennedy arrived after I was gone, yes.

(Q) 14. And he gets on and says "Are you on?"

(A) 15. Yes.

(Q) 16. And you say that your on. 351 is your number, right?

(A) 18. Correct.

(Q) 19. And he's with Hames who knows that you and Hames has found the Glock, right?

(A) 21. Correct.

(Q) 22. Even though he's with Hames and you and Hames have found the Glock together, he's telling you we got a Glock?

(A) 25. Yes, he is.

That and all the above,as well as the police testimony being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath, in Violation of Sec. 11-33-1 of the General Laws of Rhode Island, 1956, as amended.

The Sworn testimony by the providence police was Deceived to the jury and to the Honorable Court of Justice!

I AM INNOCENT!