"Defendants Briefs"
"In support of Prosecutorial Misconduct"

"Jenks Act Violation 18 U.S.C. 3500"

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena,discovery,or inspection until said witness has testified on direct examination in the trial of the case.

The Jenks Act requires the Government to provide,upon request,any prior statements of Government witness that relate to the subject matter of the witnesses' testimony... The Government is obligated to produce those statements whether they are exculpatory or not.

The Government cannot shield from disclosure any discoverable statements of any Government witness who testifies for the Government at trial on direct examination. The Government must not also shield or ignor any such evidence when he is seeking an indictment against the subject of the investigation! "Prosecutorial Misconduct" in grand jury proceedings is inconsistent with the administration of justice in federal courts and should be redressed in appropiate cases by the dismissal of indictments obtained by improper methods.***The standards for judging the consequences of prosecutorial misconduct during grand jury proceedings is essentially the same as the standards applicable to trials.

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereign whose obligation to govern impaetially is as compelling as its obligation to govern at all; and whose interest,therefore, in a criminal prosecution is not that it shall win a case,but that justice shall be done.***It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." It is equally clear that the prosecutor has the same duty to refrain from improper methods calculated to produce a wronful indictment. Indeed, the prosecutors duty to protect the fundamental fairness of judicial proceedings assumes special importance when he is presenting evidence to a grand jury. As the court of appeals for the tenth circuit recognized,"the cost of continued unchecked prosecutorial misconduct"before the grand jury are partiaularly substantial because there "the prosecutor operates without the check of a judge or trained legal adversary,and virtually immune from public scrutiny. The prosecutor's abuse of his special relationship to the grand jury poses an enormous risk to defendants as well.

The federal Government says that the prosecutor is not required to place all exculpatory evidence before the grand jury. A grand jury proceeding is an ex parte investigatory proceeding to determine whether there is prabable cause to believe a violation of the criminal Law has occured, not a trial. Requiring the prosecutor to ferret out and present all evidence that could be used at trial to create a reasonable doubt as to the defendant' guilt would be inconsistant with the purpose of the grand jury proceeding and would place significant burdens on the investigation. But that does not mean that the prosecutor may mislead the grand jury into believing that there is probable cause to indict by withholding clear evidence to the contrary. The United States Supreme Court as well as the department of Justice Agree that "When a prosecutor conducting a grand jury inquiry

is personally aware of substatial evidence which directly negates the guilt of a subject of the investigation. the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such person." U.S. Dept.of Justice, United States Attorneys' Manual, Title 9, ch.11, 9-11.233, 88 (1988).
The United States District Court has right and the power to decide the Legal question whether this wrongful indictment,and wrongful conviction may be Dismissed based on the fact that the prosecutor Richard W.Rose Failed to disclose and present Exculpatory Evidence well known to him and his Agencys in Investigations before the grand jury and at trial!
The United States Supreme Court believes the answer to that question is Yes,if the withheld evidence would plainly preclude a finding of prebable cause.

This case was originally a state superior court matter where I stood before the court faceing a violation hearing!
The Judge, Susan Mcguirl, Attorney Mathew Smith, and the prosecutor were all aware of Susan Bionchi's confessions,not only her confessions, but her personal appearance in the courtroom surrendering to the truth as ordered to do so by the Judge!
The United States Assistant Attorney Richard W.Rose carelessly and dishonestly wrongly indicted and wrongly convicted without ever seriously or honestly truthseeking for the truth. The prosecutor cheated Justice and cheated me of my Liberty.

The Law is that nothing shall bar the admission in evidence of any confession made or given Voluntarily by Any person to Any other person without interrogation by Anyone,or at Anytime at which the person who made or gave such confession was not under arrest or detention.
the term"confession" means any confession of guilt of any criminal offense or any self-incriminating Statements made or given orally or in writing!

The term statement as used in accordance with 18 U.S.C. 3500 the Jenks Act, of this section means in relation to any witness called by the United States, Means - Any written statements made by said witness and signed or otherwise adopted or approved by any person!

The Assistant U.S. Attorney Richard W.Rose clearly Violated the Jenks Act in the case at hand. He was well aware of Susan Bionchi's Admission on the truth as to what really happened on the morning knight of 11/28/03 and failed to disclose such confession to the jury who was never aware of the facts. I must also mention the fact that the government may very well shift blame to Attorney Mann FOR also knowing of the truth and keeping it from the jury.two wrongs dont make a right!
the governments assisting attorney Richard Rose failed to represent in his representation with Honesty, Devotion,and most importantly with respect to the truth seeking procces for true justice with the god honest truth. if I had the smarts of an attorney I would have allready revealed the misconduct tactics by the prosecutor who truly wrongly convicted by not Looking into the truth.

The Government also lied in saying that after his direct examination Of Bionchi,Mann and I were taken out of the courtroom to discuss how to cross examine Bionchi. "Common sence and with respect to her confession on the truth to everyone, including the members of the court at the state levil,the question's to ask are in accordance with the truth seeking process,and with respect to law regrding her admission's to the truth!" The government in covering his lies went on to say that the record was silent as to what transpired between Mann and Myself.
"We were never takin out of the courtroom to discuss Anything about Bionchi" however, Mann told me that Attorney Mathew Smith was not returning his telephone calls as we sat in the courtroom after Rose's direct examination of Bionchi!

"Who would wave the right to cross examine Any witness about confessing the truth to so many people?"

The government created a Grave Miscarrage of Justice and so did Attorney Robert Mann in not testing the truth before the eyes of the jury!
The members of the jury were not even made Aware of Bionchi's criminal record.
Lies and failor by both, Richard Rose and Robert Mann in truth - Seeking is why I am wrongly convicted!"Prejudice is a Matter of Record".

I am a victim of a Rogue Prosecutor's Tragic rush to Accuse, Indict, and Convict without Tryth Seeking1