"Defendants Brief in Support of"
"Prosecutorial Misconduct"

"Brady vs Maryland"
"Violation"

"The United States Supreme Court says that known exculpatory,impeachment evidence withheld or otherwise not disclosed of by the government is inconsistant with the administration of justice and constitutes "Constitutional Error of the first Magnitude!

The United States Court of Appeals says that the Government's failor to disclose known"BRADY" information or material that any defendant could use to conduct an effective cross examination and confront witnesses is a Violation of his obligation to perform in respect to his duty by truthseeking before the court and jury, and"Violates due process".

The prosecutor Richard W.Rose failed to disclose exculpatory evidence. the prosecutor failed to disclose evidence that the defendant would have used to impeach the government witness Susan Bionchi by showing and demonstrating perjurous testimony,bias or interest.
Impeachment evidence, as well as exculpatory evidence, falls within the Brady rule.

Such evidence is "evidence favorable to an accused", Brady, so that, if disclosed and used effectively, it may make the difference between conviction and acquittal.

The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence,and it is upon such subtle factor as the possible interest of the witness in testifying falsely that a defendants"Life and Liberty" may depend!

The court of appeals treated impeachment evidence as constitutionally different from exculpatory evidence. According to that court, failor to disclose impeachment evidence is "even more egregious" than failor to disclose exculpatory evidence "because it thretens the defendants right to confront witnesses."

The court of appeals held that the government's failor to disclose known impeachment evidence that the defendant could use to conduct an effective cross examination of important prosecution witness or witnesses constitutes "Constitutional error of the first Magnitude".

"When the 'reliability of a given witness may well be determinative of guilt or innocence, Nondisclosure of evidence affecting credibility falls within the rule of [Brady].

Many courts of appeals have reversed defendants conviction ,ruling that the denial on the scope of cross examination denies defendants "the right of effective cross-examination"which is constitutional error.

The court held that reversal is required "under due process requirements" indicating that there is no excusses of nondisclosure of exculpatory impeachment evidence being that the prosecutor is obligated, and has the responsibility as the attorney for the government!

Susan Bionchi falsely testified for the Assistant Atorney for the government Richard Rose... Atorney Rose was well aware of susan's Admission to the truth,not only at the federal levil,but also at the state levil where I stood before the court on many acaitions for five and a half months! the knowing use of perjured testimony to obtain a conviction and the deliberate suppression of evidence that would have impeached and refuted or at the very least dicredit the testimony of any government witness constitutes a denial of due process.

The United States Supreme Court clearly say's that "a deliberate deception of court and jury by the presentation of testimony known to be perjured" is inconsistant with "the rudimentary demands of justice."

In fact, the Brady rule has its roots in a series of cases dealing with a conviction based on the knowing use of perjured testimony. The courts held that the knowing use of false testimony to obtain a conviction Violates due process regardless of whether the prosecutor solicited the false testimony or merely allowed it to go uncorrected when it appeared as Richard Rose did!

without a doubt, had the Assistant Attorney been honest to his duty and brought out the fact that Susan Bionchi conffessed to the truth on many diferent acations and to many different people including the members of justice at the state levil as Susan Bionchi did,the judgement of the jury would have been"Deliberated on the truth of facts!"

The "Rules" are that a conviction obtained by the knowing use of perjured testimony "Must" be set aside if there is any reasonable likelihood that the false testimony could have affected the jury's verdict!

Without a doubt Susan Bionchi falsely testified for the prosecutor who convicted without honestly looking for the truth.
had the jury been aware of Bionchi's confession's to so many people of officers of the court,and the superior court judge, that undisclosed exculpatory, impeachment evidence would have led to Acquittal!
had the Assistant Attorney for the Government Richard Rose represented the united states government with honesty in the court,and before the grand jury, the jury and grand jury would hade had at the very leaset the truth seeking process before them to diliberate with the truth!

The performance by Richard Rose was unfair to me,which resulted in injustice,and in serious prejudice to me.

The United States Supreme Court justifies this standard of materiality on the grounds that the knowing use of perjured testimony involves prosecutorial misconduct and, more importantly, involves "a corruption of the truth-seeking function of the truth!

The prosecutor Richard Rose even lied to the court himself,as well as Robert Clark Corrente in saying that Susan Bionchi had no criminal record,which the jury was also unaware of. (sentencing transcripts, 3/25/05/ page 11,sentence 21).

The prosecutor Richard Rose, and Robert Corrrente lied to the court as well as the court of appeals in stateing that my sister was in the car on11/28/03/ and could not take the blame and lie becarse she had issue's with D.C.Y.F. (Sentencing transcript. pages 14 -15, sentence's 25, 1,2).

That,and the comments about Susan Bionchi not having a criminal record being a false declaration of material fact made while under oath or affirmation administered by a person duly authorized to administer oaths in this state and in a court with competent authority to administer the oath."in Violation of Sec. 11 - 33 - 1 of the General Laws of Rhode Island,1956, as amended.

The appropiat standards for judging a Brady Violation, is whether the Undisclosed Exculpatory Impeachment Evidence would have created a reasonable doubt. "The prosecutor's silents innfected the truth-seeking procces system for the truth, for true Justice!".