UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERTO RODRIGUEZ | ) | |
| | ) | |
| v. | ) | C.A. No: 07-276S |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by an through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Adi Goldstein, Assistant U.S. Attorney, and hereby objects to the defendant's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 for the reasons stated in the accompanying memorandum.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its attorneys:

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
ADI GOLDSTEIN/RI Bar #6701
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 13th day of August, 2007, I caused the within Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system.

The following participants have received notice via U.S. Mail:

Alberto Rodriguez
Reg. No. 05447-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

/s/ Adi Goldstein
ADI GOLDSTEIN /RI Bar #6701
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERTO RODRIGUEZ | ) | |
| | ) | |
| v. | ) | C.A. No: 07-276S |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

The petitioner, Alberto Rodriguez (Rodriguez), filed a motion pursuant to 28 U.S.C. § 2255 on July 24, 2007 - within one year from the time the First Circuit Court of Appeals issued its Judgment affirming Rodriguez's conviction. Rodriguez asserts four grounds in support of his petition:

A. Ineffective Assistance of Counsel based on Counsel's failure to cross-examine a government witness;

B. Police Misconduct and perjury at trial;

C. Prosecutorial Misconduct by failing to disclose Brady and Jencks Materials; and,

D. Trial Error in Jury Impanelment.

The United States maintains that all of Rodriguez's claims are without merit, and that all but the first were waived for failure to raise them either at trial or on appeal. Moreover, the motion can be decided on the pleadings and no hearing is required. The government requests that the § 2255 motion be denied and dismissed.

## II. BACKGROUND and TRAVEL OF THE CASE

On April 7, 2004, a federal grand jury for the District of Rhode Island returned a one-count indictment against Rodriguez charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On September 29, 2004, he was found guilty following a two-day jury trial.

The facts underlying the indictment are well-known to the Court and so they will not be repeated here in great detail. In the early morning hours on November 28, 2003, a Providence Police cruiser pulled over a car in which Rodriguez was a passenger. After the car was boxed in by two cruisers, Rodriguez fled from the vehicle and was pursued by a couple of officers. One of the officers chasing Rodriguez, Officer Petrocchi, testified at trial that he saw Rodriguez holding a gun, and that he saw him drop the gun in the backyard of 139 Glenbridge Street. After apprehending Rodriguez, Officer Petrocchi returned to 139 Glenbridge Street. At trial, Officers Hames and Kennedy testified that they found a .40 caliber Glock in the backyard. The gun was not processed for fingerprints.

At trial, the defense called Evelyn Carabello, the driver of the vehicle and the grandmother of Rodriguez's son. She testified that she did not see Rodriguez with a gun that night. She also testified that, while the police were chasing Rodriguez, she observed Susan Bianchi, a passenger, walk toward the area where the gun was found. The defense also called Ziomara

Guitard, another passenger, to testify. Ms. Guitard testified that Ms. Bianchi showed her the gun while the police were pulling the car over. She also stated that Bianchi walked toward the area where the police found the gun. Ms. Guitard admitted that she had previously lied when she told the police that she was not a passenger and that she did not see a gun.

In rebuttal, the government called Ms. Bianchi to testify. Ms. Bianchi did not testify in the grand jury. At trial, Bianchi denied that the gun was hers and denied seeing it previously. This testimony was markedly different than an earlier version given to Rodriguez's first defense counsel, Matthew Smith, about a week after the incident. Both the government and the defendant had possession of that earlier statement. Defense counsel limited his cross-examination of Bianchi and chose not to question her about her earlier witness statement.

On rebuttal, the government also played Petrocchi's radio broadcast, reporting his observation of a gun in Rodriguez's hand, to rebut the defense claim of recent fabrication by the police.

Several months after the jury returned its guilty verdict, the district court sentenced Rodriguez to twenty years in prison.

Defendant timely appealed his conviction. On appeal, Defendant argued that the Indictment should have been dismissed on Speedy Trial Act grounds; ineffective assistance of counsel; insufficiency of the evidence; and trial error based on refusal

to read-back testimony. The Court of Appeals denied each claim and affirmed the conviction. (Attachment A.) The only claim raised again on in this 2255 Motion is the ineffective assistance of counsel claim.

## III. GOVERNING LAW

### A. MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-185 (1979), the Supreme Court Stated:

> It has, of course long been settled law that an error that may justify reversal on direct appeal will not necessarily

> support a collateral attack on a final judgment ... [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited... The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'... Similar limitations apply with respect to claimed errors of fact.

See also Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not substitute for an appeal, and presents a higher threshold that a petitioner must clear in order to bring a claim. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). Once a defendant's chance to appeal has been exhausted, there is a presumption that the conviction is fair and final. As the Supreme Court has pellucidly explained in United States v. Frady, "[o]nce the defendant's chance to appeal has been waived or exhausted ... we are entitled to presume he stands fairly and finally convicted, especially when, as here, he had already has a fair opportunity to present his federal claims to a federal forum." Frady, 456 U.S. at 164, 102 S.Ct. 1584. Moreover, a habeas motion may not be used to relitigate an issue that was raised and considered on direct appeal without some highly extraordinary circumstance, such as an intervening change in the

law. Davis v. United States, 417 U.S. 333, 345, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citations omitted); Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.").

The Supreme Court has made clear that cause is measured by a stringent standard of diligence. See, e.g., Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("cause" is "something external to the petitioner" that "cannot be fairly attributed to him"; "[a]ttorney ignorance or inadvertence is not 'cause' ") (emphasis in original); Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim."). In this respect, the existence of cause to excuse a procedural default is dependent upon the petitioner's ability to show that some objective factor external to the defense impeded compliance with the procedural rules. Murray, 477 U.S. at 488, 106 S.Ct. 2678. A showing that

the factual or legal basis for a claim was not reasonably available to counsel or that interference by some officials made compliance with the procedural rules impracticable, would constitute cause under this standard. Strickler v. Greene, 527 U.S. 263, 283, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

A showing of prejudice must be made along with the adequate showing of cause. Reed v. Farley, 512 U.S. 339, 358, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). In order to show prejudice, the petitioner must show a reasonable probability that the result of the trial would have been different had the claimed errors, which were procedurally defaulted, not occurred. Strickler, 527 U.S. at 289-90, 119 S.Ct. 1936. Furthermore, "the resulting prejudice must create an actual and substantial disadvantage, infecting [the petitioner's] entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170, 102 S.Ct. 1584. If a defendant fails to establish "cause" and "prejudice" to excuse a procedural default, he can obtain collateral review of his constitutional claim only by demonstrating that the constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley, 523 U.S. at 623, 118 S.Ct. 1604. The Supreme Court has emphasized that " 'actual innocence' means factual innocence, not mere legal insufficiency." Id. To establish actual innocence, petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted

him." Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quotations and citation omitted).

B. ENTITLEMENT TO A HEARING

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 Rule 4(b) of the rules governing Section 2255 proceedings for the United States District Courts provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Id. The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1998). In considering a motion under § 2255, the district court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Moscruera, 845 F.2d 1122, 1124 (1st Cir. 1988).

The First Circuit has stated that no hearing is required where the § 2255 motion: (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. Moran v. Hogan, 494 F.2d 1220, 1222, (lst Cir. 1974); United States v.

Carbone, 880 F.2d 1500, 1502 (lst Cir.), cert. denied, 493 U.S. 1078 (1990). Moreover, the First Circuit also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975 n.8 (lst Cir. 1989). A district judge's personal observation and recollection of the events at trial may, supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (lst Cir 1978); United States v. DiCarlo, 575 F.2d 952, 954-955 (lst Cir. 1978).

In the instant case, no evidentiary hearing is required because all of Rodriguez's claims can be resolved by reference to the record, and where the record does not exist by relying on the presumption of regularity and on the memory of the sentencing judge.[1]

C. INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court set forth the two-prong analysis for assessing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The party advancing the claim must show: 1) that his attorney's performance fell below an objective standard of reasonableness, and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; United States v. Caggiano, 899 F.2d 99, 101

[1]The government will make additional trial transcripts available to the court should it deem it necessary for its review of the matter.

(1st Cir. 1990). A defendant must meet the heavy burden imposed by the law for each of these prongs, to make a successful ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir.), cert. denied, 115 S. Ct. 517 (1994).

Courts are deferential in reviewing an attorney's performance: an attorney must only provide reasonably effective assistance. Singleton, 26 F.3d at 238. The court must scrutinize counsel's conduct on the "... totality of the circumstances before it, and making every effort to eliminate the distorting effects of hindsight." Id. (quoting United States v. Nantel, 938 F.2d 302, 309-310 (1st Cir. 1993)). There is a "strong presumption that conduct falls within this wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1995)). Counsel need not jump through every conceivable hoop, nor engage in futile exercises, in order to be considered effective. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).

Even if the defendant proves that counsel's performance was

objectively unreasonable, he cannot prevail unless he can also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984)(quoting Strickland, 466 U.S. at 693-694)(emphasis supplied). Thus "the court must not only find that defense counsel's performance was deficient, but that it was so prejudicial as to undermine confidence in the outcome." Strickland, 466 U.S. at 689. If a claim of ineffective counsel can be disposed of on the ground of lack of prejudice, the court should do so. Perron, 742 F.2d at 673.

## IV. ARGUMENT

### 1. Ineffecive Assistance of Counsel

Rodriguez contends his counsel's performance was deficient because he failed to cross-examine Susan Bianchi who testified for the government on rebuttal. Rodriguez is asking the Court to second-guess Mr. Robert Mann's strategy in avoiding to cross-examine Biachi about the witness statement she provided to Attorney Matthew Smith a week after the incident. This argument was first raised by defense counsel William Dimitri at sentencing, and rejected by the court. Even without delving into Mr. Mann's mind, it is obvious why he chose not to probe further: the statement was provided to a defense attorney, not to the police; indeed, Ms. Bianchi, neither on the night of the incident, nor at any later time, go to the police in order to

claim ownership of the firearm; and, the statement on its face lacks any credibility. Obviously, had Mr. Mann probed Ms. Bianchi as to the circumstances leading her to make that statement, he would risk implicating his client or his client's family in further wrongdoing. It is not far-fetched to conjecture that Ms. Bianchi would have testified that someone else asked her to make that statement. In any event, taken in the context of Mr. Mann's overall trial performance, there is no basis on which to find Mr. Mann's assistance ineffective.

Rodriguez's criticism of his counsel's effectiveness is based on a subjective difference concerning trial strategy rather than an objective evaluation of his counsel's trial advocacy. Mr. Robert Mann is an experienced litigator who has practiced criminal law in the state and federal courts of Rhode Island for an extensive period of time. He took his client's case to trial in the face of overwhelming evidence. Mr. Mann was well prepared and vigorously represented Rodriguez as evidenced by the trial record. Rodriguez's attorney's advocacy was more than reasonably effective. See, e.g., Phoenix v. Matesanz, 233 F.3d 77, 83-84 (1st Cir. 2000)(decision whether to call particular witness is strategic and factors in benefits and risks; where defense counsel elicits on cross examination much of the same testimony he expects to elicit from defense witnesses, need to call such witnesses may dissipate) (citing cases); Cf. United States v. Catlett, 97 F.3d 565, 571-72 (D.C. Cir. 1996) (failure to object

not ineffective assistance and based on strategic decision).

Even if Mr. Mann cross-examined Ms. Bianchi more fully, the result would have undoubtedly remained the same. As the Court of Appeals noted, the evidence in this case was more than sufficient to support a conviction of Mr. Rodriguez. In this case, you had the eye-witness testimony of a police officer that was corroborated with real-time radio-transmissions to dispatch. In addition, the gun was found in the backyard of a house through which the defendant ran just moments earlier. Neither Ms. Bianchi nor anyone else was in the vicinity of that gun. In light of this evidence, there was no prejudice.

2. Claim of police misconduct

Rodriguez claims that the police fabricated their testimony because of minute inconsistencies regarding the exact times of dispatch. In support of his claim, Rodriguez reprints certain passages of the trial transcripts and boldly asserts, without any support whatsoever that the testimony is false. However, both the jury and the First Circuit Court of Appeals reached the opposite conclusion. Furthermore, this claim was not raised at trial, in a motion in support for a new trial, or on appeal. As Rodriguez has no new information to point to in support of this claim, it is waived. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994); United States v. Frady, 456 U.S. 152 (167-68) (1982) (claims that are procedurally defaulted will not be heard

on a habeas petition absent good cause).

Indeed, this is nothing but another attempt by Rodriguez to attack the weight of the evidence. The Court of Appeals rejected that claim on direct appeal. There is no basis to entertain it now. Rodriguez proffers not a shred of evidence to support his contention that any of the government's witnesses testified falsely at trial.

3. Prosecutorial Misconduct

Again, without any evidentiary support, Rodriguez claims that the prosecutor withheld Jencks and Brady material. However, the trial record shows that defense counsel was provided full discovery prior to trial. The government engaged in essentially open file discovery and provided the defense with copies of Agent McNamara's grand jury testimony and all the police reports in the case. At no time did the defendant raise a claim below that there were any Jencks violations. Furthermore, the issue was not raised on appeal. Defendant cannot establish good cause as to why this issue was not raised. Accordingly, it is waived. Reed v. Farley, 512 U.S. 339, 354 (1994) (collateral review is available only if the petitioner establishes "cause" for the waiver and shows "actual prejudice resulting from the alleged... violation) (citing Wainright v. Sykes, 433 U.S. 72, 84 (1977)); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Similarly, defendant claims that the prosecutor withheld

Brady material in that he did not disclose to the grand jury Bionchi's witness statement to attorney Matthew Smith. Insofar as that statement is false, it cannot be Brady. Further, there is no obligation that the government present exculpatory evidence to the grand jury. United States v. Williams, 504 U.S. 36, 47 (1992) (government need not present exculpatory evidence to the grand jury); United States v. Latorre, 922 F.2d 1, 7 (1st Cir.1990) (internal quotations omitted). Moreover, the petit jury's conviction should lead the court to seriously doubt "that a similarly informed grand jury would not have found probable cause." United States v. Mangual-Corchado 139 F.3d 34, 42 (1st Cir.1998)); Midland Asphalt Corp. v. United States, 489 U.S. 794, 802, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (" Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment" is sufficient to invalidate a subsequent conviction.)

Finally, this issue was not raised at trial or on appeal. Rodriguez cannot establish good cause for his failure to do so, accordingly, this argument is also waived. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994); Cf. United States v. Gary, 74 F.3d 304, 313 (1st Cir.1996); United States v. Bradstreet,135 F.3d 46, 50 (1st Cir.) cert. denied, 523 U.S. 1122, 118 S.Ct. 1805, 140 L.Ed.2d 944 (1998); Alicia-Torres v. United States, 455 F. Supp.2d 32 (D. PR 2006) (claims of prosecutorial misconduct rejected on appeal will not be

entertained by the habeas court).

4. Jury Pool was Tainted

Rodriguez now claims that the jury pool was tainted by the questions of a potential juror regarding the import of Rodriguez's prior felony, and, specifically, inquiring into what that felony was. This claim was nor raised at trial or on appeal. Petitioner cannot show good case as to why it was not raised earlier. Accordingly, it is waived. Cf. United States v. Hansen, 434 F.3d 92, 106 (1st Cir. 2006) (failure to object to juror during trial constitutes waiver on appeal); Frady, 456 U.S. at 164.

Even if it was not waived, this argument is without merit. The Court did not divulge petitioner's criminal history to the jury pool. The fact that petitioner had a prior felony is an element of the crime and is a matter that was stipulated to at trial. Accordingly, Rodriguez cannot establish any prejudice.

## V. **CONCLUSION**

The United States therefore requests that, for all the aforementioned reasons, the petitioner's motion be denied and dismissed.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its attorneys:

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
ADI GOLDSTEIN/RI Bar #6701
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 13th day of August, 2007, I caused the within Government's Memorandum in Support of its Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system.

The following participants have received notice via U.S. Mail:

Alberto Rodriguez
Reg. No. 05447-070
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

/s/ Adi Goldstein
ADI GOLDSTEIN /RI Bar #6701
Assistant United States Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001 (fax)
email: adi.goldstein@usdoj.gov