UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

# MEMORANDUM
# IN SUPPORT OF POISONED JURY IMPAMELMENT
# FOR TRIAL

RE: ALBERTO RODRIGUEZ
PLAINTIFF - APPELLANT,

v. NO. 07-276-S.

UNITED STATES OF AMERICA
DEFENDANT - APPELLEE.

In all criminal prosecutions, the accused shall enjoy the right to a trial by an impartial jury!

on september 1st, 2004, in the united states district court, for the district of Rhode Island, before the honorable William E.Smith during jury impanelment accured the following dispute between jurror and court before the entire jury pool!

THE COURT: youve already learned the defendant has a prior conviction for a crime punishable by more than one year in jail. it is an element of the offence charged in this case. you are not allowed to hold that fact against the defendant in any way. particularly, you must not conclude that because he has violated the law in the past, that he must of have done something wrong in this case. does everyone understand that? sir?

THE JUROR: we're not allowed to know what was involved in the first crime?

THE COURT: THE answer is that it's an element of the offence that he has a priviouse conviction. and beyond that, that all you need to know for

purposes of this charge, because he's not on trial for the privious conviction. he was convicted for that, whatever it is. and thats all you need to know.truthfully, I dont know what it is. at the moment, I couldn't tell you what it is. I know that this defendant has been, or they will need to prove that he's been convicted of a crime punishable by in excess of one year. and that's it. and I emphasize to you, to all of you, this defendant is only on trial for the charge in the indictment that I read to you. you need to be able to accept that fact.

THE JUROR: the way your wording it, it sounds like it's more of a serious crime because of the fact that there was already a crime before this. I dont understand why would'nt you be able to know if a gun was involved in the first one.

THE COURT: well, for the simple reason that I just stated, and it's an important reason. and that is that when someone is accused of a crime, you really - - you may only consider the evidence of whether they commited that crime. and it does'nt matter whether they commited other crimes or done other bad things. and the law does'nt want that to sort of seep into your head and influence you. okay?

now, in this case, the specific crime involves as an element of the offence a prior conviction. so that is an issue, but it's only that.

THE JUROR: but the letter of law is there a difference between somebody being caught with a weapon that say is not registered and somebody who's been caught with a weapon who's already served incarceration for being in jail for one year.

THE COURT: they're different offences. they are different offenses. okay?

THE JUROR: how do you know the difference? I dont understand why you cant tell me - -

THE COURT: maybe I did'nt understand your question. ask the question again.

THE JUROR: is there a difference in the penalty as far as being caught with a weapon in the act of a crime - - say that was the first offence. is it more severe if you've already had a prior conviction and you've done more than a year in jail? I don't understand why he's saying a year in jail makes a difference.

THE COURT: that's what defines the term - - that is the way the law is drafted. okay? there are crimes which are more serious or less serious, felonies versus misdemeanors.

"LATER IN THE PROCEEDINGS"

MR. MANN: and while im asking any of these questions, they really apply to everybody to some extent, of course.

you know now that mr. Rodriguez has a criminal conviction for something, for a cause that carried more than a year in jail, right?

THE JUROR: correct.

MR. MANN: and you have a question about that , right?

THE JUROR: I just dont understand how the second crime, the severity of the second crime is greater because of the fact of the first crime, but we dont get any information on the first crime. I dont know if theres any weapon involved in the first crime, a second crime they were convicted for and there was a weapon involved in the first crime, then as far as Im concern, they shouldnt be allowed to carry a weapon. that's why I was asking.

MR. MANN: and then the follow - up question is if all you learned is - -

if all you came to learn that there was a conviction for a crime that carried at least one or more than a year in jail, prison, would that affect your deliberation as to whether or not in this casr Mr. Rodriguez possessed a gun?

THE JUROR: it would if I knew there was a weapon involved in the first crime. yes. (PORTION OF PROCEEDINGS - JURY IMPANELMENT, PAGES 82 - 83)

the trial court, and defence counsels failure to move for termination of the entire jury pool caused "serious bias" within the entire jury pool towards the defendant! it also inffected there minds as to repeated criminal conduct,which did not allow them to deliberate truthfully, and honestly, all though they said they could!

the court recognized the bias within the juror and stated that; it was lead to believe the juror really has'nt any certainty in his ability to put aside his biases, and then dismissed the juror for cause! that should have been the case within the entire jury pool!

the fact that the defendant had a criminal record in which the jury was never specifically informed of in court as to what the prior offence was, leaves the question that one must ask if the jury looked into the subject matter on thier own! who's to say that the defendants backround in respect of prior criminal conduct was not looked into by any of the jurors themselfs?

it must be believed that when the juror asked what was the defendants prior offence during jury impanelment, he not only influenced the entire jury pool as to what the prior offence of the defendant was , he also made them all curious as to what the prior criminal record of the defendant was!

the curiosity of all human would be whether the prior crime was a petty offence, or a serious offence, which would subject the defendant to a prison term of 1 year or more.

without the jury being informed as to what the defendants prior crime was, and being left totally blind to the fact as to whether the offence was petty or serious, only inffected thier minds and left them all curious!

FURTHERMOCRE, the jury's common scence must have been that the defendant was a serious criminal when the court in frustration stated;
that someone who has a misdemeanor offence and is in possession of a firearm can't be charged with this offence that this defendant is charged with. all right? go ahead. (JURY IMPANELMENT PROCEEDINGS, PAGES: 61 - 65)

this case trully presents a grave miscarriage of justice, warranting termination of the defendants wronful conviction!

I ask the honorable court in the name of justice to grant the instant motion to vacate!

I AM INNOCENT!

RESPECTFUL AND TRUTHFUL
ALBERTO RODRIGUEZ
(IN GOD WE TRUST)

Alberto Rodriguez