UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEMORANDUM
IN SUPPORT OF POLICE MISCONDUCT AND
PERJUROUS TESTIMONY AT TRIAL

RE: ALBERTO RODRIGUEZ
PLAINTIFF - APPELLANT,

v. NO. 07-276-S.

UNITED STATES OF AMERICA
DEFENDANT - APPELLEE.

in respect of police misconduct as the defendant truthfully pointed out in his prior memorandum, the police not only lied before the face of justice in falsly testifying that the defendant was seen running with a gun in his hand and with sunglasses pushed back on his forhead, or in falsly testifying that the defendant was chased for about 30 seconds within eyes reach and arrested.
the police also comitted perjury in testifying that the firearm found was not fingerprinted nor the sunglasses. the police fingerprinted susan bionchi's gun wherever they found it!
the residents of 137 and 139 glenbridge avenue as well as other residents were on thier porches while the fingerprinting process accured!
after the police completed the fingerprinting process, officers scott petrocchi, shawn kennedy, martin hames, and david moscarelli all attended back to the vihicle that the defendant was placed into being battered and handcuffed behind the back, and accused the defendant of wearing gloves!
the police even pulled the defendant out of the police cruiser and searched the entire cruiser in search of gloves! the police would shout at the defendant in stateing "you had gloves on M.F." the police also searched the outside area in searched of gloves, and even pulled the defendants pants down in searche of gloves.

in support of revealing the truth to justice regarding police misconduct the defendant seeked the assistance of the department of justice! specifically, the defendant filed a request for evidence to the F.O.I.A./P.A.! the defendant requested ; the times and full recordings of the providence public safety incident dispatch detail report ID#: PR 03-170948 date of incident 11/28/03/ approximately 12:00 midnight. ; the times of governments exhibits transcripts GX-2A, GX-2B from start till finish, which were subpoenod at the request of the defendant before trial. ; the vidio recording of the police cruiser the defendant was placed into with times and sound voices. ; the vidio recording of an interview at the providence police department with detectives, followed by federal agents with times and sound voices ; and the fingerprinting information!

the defendant also requested the same evidence from the office of the attorney general and the providence police department as mentioned by the trial judge who advised the defendant that the evidence he seeked would be in the providence police department!
the evidence requested from all the named agencies will prove and demonstrate police misconduct and perjurous testimony if disclosed!
unfortuneately, the defendant has not been proviede with anything he requested in proving the truth to justice.

in addition, detective renzi who testified falsly in stateing that the firearm was not fingerprinted because he did not print it mean that the firearm and sunglasses were not printed! according to the providence police department offence report, it was detective renzi who seized the fierarm with no mentioning of the sunglasses! according to this very same offence report it was SGT. VINNACO CAR 350, along with CAPT.TARLAIN CAR 200 who arrived on scene first! however, the captain and sergeant were never called to testify in respect of any fingerprinting process or seized evidence! detective renzi's trial testimony of he himself not testing any of the items for fingerprints does not mean that the captain or sergeant did not print the evidence! the providence police department has a corruption among themselfs with a code of silence!

this firearm was fingerprinted wherever the police found it and many naighbors, witnesses, and myself witnessed these proceedings as they accured!
I have written to the residents of 137 and 139 glenbridge avenue in my pursue of revealing the truth' to justice but have received no responce.
furthermoor, it could not be beleived that detective renzi did an eyeball inspection on the sunglasses and saw none when the sunglasses were taken from the defendants person during his arrest for running
if it was to be true that the defendant had the sunglasses pushed back on his forhead like the police lied in testifying why and how could fingerprints not be on the sunglasses? had this been true that the defendant had the sunglasses pushed back on his forhead the right thing to do was to fingerprint what you see in one's person and posession!
the police planted the sunglasses right near susan bionchi's firearm and wiped them clean do to thier own fingerprints being on them when they took them from the defendants person at the time of the defendants arrest!

also, the dispatch recordings are clearly seen fabricated as they are!
for instance the time of apprehention on transcripts GX-2A is 0053!
according to petrocchi' the chase was a 30 second foot chase which is also false, and will be proven if the times of both recordings are disclosed as the defendant requested in demand! without a doubt transcipt GX-2B was made after the police found susan bionchi's gun wherever they found it, not in 30 seconds as all the officers falsly testified in deceiving justice! the times of both recordings will prove what the defendant is fighting to prove; the truth!
the providence public safety incident dispatch detail report relative to dispatch communications of 11/28/03/ and transcripts GX-2A and GX-2B proves otherwise as well!
according to the incident dispatch block listing of 11/28/03/ the dispatcher paul neves ~~received~~ the call at 0054 and dispatched the call also at 0054! with officer fallon unit 353 receiving the call first and also arriving on SCENE first at 1:05 am! then officers kennedy and hames unit 854 receive the call at 106 am but have no on scene time!

officer moscarelli also recieved the call at 1:06 am and also has no on seen time!

officer scott petrocchi who testified that he chased the defendant for 30 seconds and arrested him with officer moscarelli did not receive the call till 1:07 am! officer petrocchi also has no on scene time!

if all the officers received the call as proven on the incident dispatch block listing, how could they have been at the location and arres the defendant at 0053???

officer fallon unit 353 never testified at trial and was never even mentioned in this case! I believe officer fallon was a former jhonston R.I. police officer who participated in the framing!

these dispatch times are all inconsistant and fabricated!

the police testimony is also inconsistant and untrustworthy! every single officer who testified at trial testified do to the fact that they had no choice being that the defendant proceeded to trial and left them no choice but to lie and say they saw the defendant with a firearm.

one way for sure to get to the truth is by disclosing the evidence and information as the defendant requested it from justice!

I respectfully ask judge to use his best judgement and common sence. for I the defendant, not the police, or betrayed trial counsel or prosecutor who wrongly convicted is suffering the pain of a wronful conviction!

I ask the court in the name of god to grant the instant motion to vacate!

I AM INNOCENT!

RESPECTFUL AND TRUTHFUL
ALBERTO RODRIGUEZ
(IN GOD WE TRUST)

Alberto Rodriguez