UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEMORANDUM
IN SUPPORT OF INEFFECTIVE ASSISTANCE OF
COURT APPOINTED TRIAL COUNSEL

RE: ALBERTO RODRIGUEZ
PLAINTIFF - APPELLANT,

v. NO. 07-276-S.

UNITED STATES OF AMERICA
DEFENDANT - APPELLEE.

A convicted defendant's claims that counsels assistance was so defective as to require instant vacating of conviction has two components. first, the defendant must show that counsels performance was deficient. this requires showing that counsel made errors so serious that counsel was not fuctioning as the "counsel" garanteed by the sixth amendment. second, the defendant must show that the dificient performance prejudiced the defendant. this requires showing that counsels errors were so serious as to deprive the defendant of a fair trial.

in making this determination, a court hearing a ineffective assistant of counsel must consider the totality of the evidence before the judge and jury. some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in differant ways. some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidence picture, and some will have had an isolated trial effect.
moreover, a verdict or conclution only weekly supported by the record is more likely to have been affected by errors then one with overwhelming record support.

takeing the unaffected findings as giveing and takeing due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been differant absent the error.

In the case at hand, attorney mann did not function as the trial counsel garenteed by the sixth amendment. the record developed at trial althogh not fully developed in certain areas clearly demonstrates that attorney mann's self decision not to cross examine a recanted defence witness that coffessed the truth of a crime in which a innocent defendants life and liberty was at risk is a diprivation of the truth seeking function of the trial process and is inconsistant with the demand of justice!
the fear of defence counsel of becoming a witness himself forced defence counsel to exercise his unproffessional judgement in not cross examining the governments witness after her direct false testimony .
defence counsel failed to realize that when he chose on his own will not to cross examine bionchi about her admissions to the truth that nighther he or anyone from his law firm faced the possiblity of becoming witnesses, bionchi's direct perjurous testimony under oath set the scope for a truth seeking cross examination that justice requires, which mann could have accomplished without becoming a witness himself!
attorney mann's self dicision to not cross examine bionchi in respect of the truth seeking process of fair trials deprived the defendant of the right to cross examine all governmet witnesses as justice requires.
without significant cross examination of bionchi, the jury were never made aware of the circumstances in which she was forced to testify falsly.
the jury were unaware of the fact that susan bionchi had a criminal record, they were never aware of the fact that she had several outstanding warrants for her arrest, never made aware of the fact that she was arrested by the federal marshals for failing to appear at trial under subpoena, also never made aware of the fact that she was held in prison befor her testimony, and most important the jury was never made aware of the fact that bionchi conffessed the truth!

As a result of trial counsel's errprs all the jury learned to know of bionchi was that she was seven and a half months pregnant as of that day in court. as far as the jury knew, she never made no other statements other than the one she falsly testified to on direct examination for the government which was a lie and inconsistant with the truth in which she confessed to many people.

the performance by trial counsel Robert Mann was outside the boundaries of prevailing proffessional standards!

do to trial counsels serious errors the truth was not put to test befor the jury as justice mandates, before the jury began to diliberate the life of a defendant.

THEREFORE, trial counsels performance was dificient.

the failure of trial counsel to cross examine the governments witness who falsly testified under oath at trial befor the court and jury after recanting from the truth is with out doubt prejudice!
this is with out doubt a violation of the defendants rights to cross-examine any witness that testifies on direct-examination for the prosecution!
especially, a witness that conffessed the truth of a crime to which a defendants life and liberty is to be judge in respect of a crime!

defence counsel chose not to cross examin the governments witness on his own will! at no time what so ever did the defendant give up his right to cross examine a witness that conffessed to the truth in which the defendant faced punishment for a crime the police framed him of!
trial counsels performance gave the prosecuto Richard Rose a tactical advantage in conviting without truth seeking as assistant attorney Rose did! had attorney mann represented the defendant as justice requires within the bounds of law, the jury would have been aware of the truth of the facts dring diliberation!

there is a reasonable probability that the results could have and would have changed the outcome of the vedict had the jury been aware of the truth. the search for the truth was never tested in the face of the court or eyes of the jury!
the governments witness susan bionchi's false direct examination as well as her conffessions to the truth set the scope for a truth seeking cross-examination that justice requires that would have made the entire jury made aware of what they were blind in mind to, the truth!

with out a doubt the performance by trial counsel deprived the defendant of a fair trial! not only did trial counsel deprive the defendant the right to cross-examine the governments witness who committed perjury, he also diprived the defendant the right to subpoena witnesses in preperation of defence, as counsel did in not subpoenaring the defendants state attorney Mathew Smith as well as the investigator who interviewed bionchi on the truth, as he decieved his client by haveing him believe that these witnesses were to appear!
trial counsel also deprived the defendant the right to testify in his own defence by not calling the defendant to the stand as the defendant and trial counsel agreed, which was the reason the defendant stipulated in haveing a prior criminal record!

the trial record as well as the state court proceedings demonstrate the prejudice the defendant suffers!

the performance by trial counsel was so below an objective standard of reasonableness, that it resulted in a innocent man being wronly convicted! defence counsel's failure to represent the defendant within the bounds of law in truth seeking deprived the defendant of a fair trial that justice mandates!
trial counsel's errors were so serious it not only prejudiced the defendant, it deprived the defendant of his liberty and the right of a fair truthful trial!

evaluating the totality of the evidence, the failure of trial counsel Robert Mann to cross-examine the governments witness in truth seeking after she recanted from the truth caused major prejudice to the defendant and constitutes innefective assistance of counsel.

for the truth being, the defendant ask the honorable court to grant the instant motion to vacate.

I AM INNOCENT!

RESPECTFUL AND TRUTHFUL
ALBERTO RODRIGUEZ
(IN GOD WE TRUST)
Alberto Rodriguez