UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MEMORANDUM
IN SUPPORT OF PROSECUTORIAL MISCONDUCT
BEFOR THE GRAND JURY, AND AT TRIAL

RE: ALBERTO RODRIGUEZ
PLAINTIFF - APPELLANT,

v. NO. 07-276-S.

UNITED STATES OF AMERICA
DEFENDANT - APPELLEE.

The united states supreme court mandates that the government cannot shield from disclosure any discoverable statements of any government witness who testifies for the government at trial on direct-examination! the supreme court also makes clear that the government must not also shield or ignor any such evidence when he is seeking an indictment against the subject of the investigation! "prosecutorial misconduct" in grand jury proceedings is inconsistant with the administration of justice in federal courts and should be redressed in appropiate cases by the dismissal of indictments obtained by improper methods.***the standards for judging the consequences of prosecutorial misconduct during grand jury proceedings is essentially the same as the standards applicable to trials!

the nondisclosure of any evidence which negates the guilt of an accused by the government is a violation of constitutional law if the evidence was withheld from the grand jury or if the evidence withheld deprived the defendant of a fair and just trial!

a prosecutor who withholds or ignors substancial exculpatory evidence from the grand jury or jury at trial which would have tended to negate probable cause of guilt, distroys the existance of an independent and informed grand jury and jury!

the failure by the prosecution to disclose exculpatory evidence before the grand jury and jury at trial has been charactorized as a form of prosecutorial deception to use perjured testimony!

appellate courts have viewed the prosecutors obligation as encompassing a much narrow range of evidence!
they hold that the prosecutor must disclose before the grand jury and jury at trial, only that exculpatory evidence which"clearly negates guilt". dismissal therefore is required where the grand jury and jury at trial almost surely would not have indicted or convicted had it considered the exculpatory evidence.

the law is that nothing shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at anytime at which the person who made or gave such confession was not under arrest or detention!
the term"confession"means any confession of guilt of any criminal offence or any self incriminating statements made or given orrally or in writing!

the term statements as used in accordance with 18 U.S.C. 3500 the jenks act, of this section means in relation to any witness called by the united states, means - any written statements made by said witness and signed or otherwise adopted or appoved by any person.

the assistant attorney Richard W. Rose clearly violated the jenks act in the case at hand! the government assistant attorney was well aware of susan bionchi's sworn statement and confessions to so many people including members of the justice system befor he indicted, and decided to put the recanted witness on the stand to falsly testify befor the jury!
the prosecutor failed to represent with honesty and as justice requires in truth seeking!

the united states supreme court clearly says that known exculpatory, impeachment evidence withheld or otherwise not disclosed by the government is inconsistant with the administration of justice and constitutes constitutional errors of the first magnitude!

such evidence is evidence fayvorable to an accused so that if disclosed and used as law requires, it may make the differance between conviction and aquittal!
the jury's estimate of the truthfulness and reliability of a given witness may well be determined of guilt or innocents, and it is upon such subtle factor as the possiblr interest of the witness in testifying falsly that a defendants life and liberty may depend.

the court of appeals treats impeachment evidence as constitutionally different from exculpatory evidence. according to the court, failure to disclose impechment evidence is "even more egregious" than failure to disclose exculpatory evidence "because it thretens the defendants rights to confront witnesses".

many courts of appeals have reversed defendants convictions, ruling that the denial on the scope of cross-examination denies defendants "the right of effective cross-examination "which is constitutional error!
the courts held that reversal of conviction is required "under due process requirments" indicating that there is no excuse of nondisclosure of exculpatory evidence or impeachment evidence being that the prosecutor is obligated, and has the responsibility as the attorney for the government!

susan bionchi falsly testified for the assistant attorney Richard W. Rose...
attorney Rose was well aware of susan bionchi's confessions to the truth!
not only in the federal levil, but also at the state levil as well, where I stood before the superior court on many different acations for approximately 5 months! the knowing use of perjured testimony to obtain a conviction and the deliberate suppression of evidence that would have impeached and refuted or at the very least discredited the testimony of any government witness constitutes a denial of due process.

the united states supreme court says that "adeliberate deception of court and jury by the presentation of testimony known to be perjured is inconsistant with the rudimentary demands of justice.

when the reliability of a given witness may well be determined of guilt or innocence, nondisclosure of evidence affecting credibility falls within the rule of[brady]

the performance by attorney Rose was unfair to the defendant, which resulted in injustice, and in serious prejudice that requires vacating the wronful conviction!

THEREFORE, the defendant ask the honorable court to grant justice in granting the instant motion to vacate!

I AM INNOCENT!

RESPECTFUL AND TRUTHFUL
ALBERTO RODRIGUEZ
(IN GOD WE TRUST)

Alberto Rodriguez